# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| CYNTHIA L. ANDERSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-95-CG |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Cynthia L. Anderson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, *id.* §§ 1381-1383f. The parties have consented to the jurisdiction of a United States Magistrate Judge. Upon review of the administrative record (Doc. No. 10, hereinafter "R. \_"),[1] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB and SSI applications on July 11, 2013, alleging disability beginning June 26, 2013. R. 13, 162-73, 202. Following denial of her

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

applications initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on April 21, 2015. R. 28-52, 53-93, 96-104. The ALJ issued an unfavorable decision on July 28, 2015. R. 13-27.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 26, 2013, the alleged disability-onset date. R. 15. At step two, the ALJ determined that Plaintiff had the severe impairments of chronic low and thoracic back pain, carpal tunnel syndrome, right shoulder degenerative joint disease, depression, and anxiety. R. 15-16. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16-18.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 18-21. The ALJ found that Plaintiff retained the RFC to perform medium work, with the following limitations: "sit for six hours and stand or walk for two hours in an eight-hour workday; no over the shoulder reaching with the right upper extremity; frequently handle, finger, feel, and grip; and, limited to simple and detailed tasks and instructions." R. 18.

At step four, the ALJ considered the testimony of a vocational expert ("VE") and found that Plaintiff was able to perform her past relevant work as a Utility Clerk. R. 21; *see* 20 C.F.R. § 404.1560(b)(1), (2); *id.* § 416.960(b)(1), (2). The ALJ alternatively found at step five that Plaintiff could perform the light unskilled occupation of Food Cashier II

2

and that this occupation offers jobs that exist in significant numbers in the national economy. R. 21-22.

The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R 22; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), .1560(b)(3); *id.* §§ 416.920(a)(4)(iv), (f), .960(b)(3). Plaintiff's request for review by the Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-6; *see* 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability

3

cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff challenges the ALJ's finding of nondisability as inconsistent with the ALJ's RFC determination—specifically, the limitation within the RFC to "stand or walk for two hours in an eight-hour workday." R. 18; *see* Pl.'s Br. (Doc. No. 16) at 8-11. According to Plaintiff, this two-hour limitation is irreconcilable with the performance of medium or light work, thus undermining the ALJ's step-four and step-five findings that Plaintiff is capable of fulfilling the stated light occupations. *See* Pl.'s Br. at 8-11.

At step four, the ALJ made the determinative findings that Plaintiff had past relevant work as a Utility Clerk and could return to that work. R. 21. Accordingly, the Court begins (and ends) its analysis with the question of whether the ALJ's step-four findings are supported by substantial evidence and by the application of correct legal standards. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."); *Murrell v. Shalala*, 43 F.3d 1388, 1389 (10th Cir. 1994) ("[T]he integrity of a step-four finding is not compromised in any way by the recognition that step five, if it were reached, would dictate the same [or a different] result." (alteration in original)).

I.     *Whether the ALJ's Step-Four Conclusion Is Supported by Substantial Evidence*

Plaintiff's argument that the cited stand/walk limitation precludes the performance of the Utility Clerk job relied on by the ALJ at step four is unavailing. While Plaintiff is

correct that light work generally "requires a good deal of walking or standing," Pl.'s Br. at 9 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)), the ALJ in this case asked the VE to consider a hypothetical where a person otherwise capable of medium work is limited to, among other restrictions, standing and walking for two hours per workday. R. 48. The ALJ did not err by relying on the VE's testimony concerning that specific hypothetical.

An ALJ is entitled to rely upon a VE's testimony regarding the demands of a claimant's past relevant work, and the VE "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). At the hearing, the ALJ asked the VE if a claimant having the same characteristics as the ALJ's ultimate RFC determination—including the two-hour stand/walk restriction—would be able to perform any of Plaintiff's past relevant work. R. 48. The VE described the occupation of Utility Clerk and answered that the hypothetical claimant would be able to perform that occupation. R. 47-48 (citing *Dictionary of Occupational Titles* (4th rev. ed. 1991) ("DOT") 239.367-034, 1991 WL 672230 (Utility Clerk; classified as light work)). Thus, the ALJ's finding that Plaintiff could perform her past relevant work is supported by substantial evidence in the record—namely, the VE's unequivocal testimony to this effect. R. 47-48; *see Haddock v. Apfel*, 196 F.3d 1084, 1091 (explaining that "the ALJ may rely on the [VE's] testimony as substantial evidence to support a determination of nondisability" absent a conflict between the DOT and the VE's testimony).

Whether a claimant with the cited two-hour stand/walk limitation is *generally* precluded from performing light jobs is not determinative of whether Plaintiff could perform the Utility Clerk job and thus not determinative of whether the ALJ's step-four conclusion *in this case* is supported by substantial evidence. While the "full range" of light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," some light jobs involve "sitting most of the time with some pushing and pulling of arm or leg controls." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983); 20 C.F.R. §§ 404.1567(b), 416.967(b). And the DOT's description of the Utility Clerk position does not include any standing or walking requirement that would conflict with the VE's testimony. *See* DOT 239.367-034, 1991 WL 672230 (Utility Clerk).

Thus, Plaintiff has not shown that the ALJ's step-four conclusion "is overwhelmed by other evidence in the record" or has "a mere scintilla of evidence supporting it." *Branum*, 385 F.3d at 1270 (internal quotation marks omitted).

II.  *Whether the ALJ's Step-Four Conclusion Is Legally Flawed*

Citing *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), Plaintiff argues that the ALJ's step-four conclusion is "erroneous." Pl.'s Br. at 10. But Plaintiff fails to develop this argument by connecting any aspect of the holding in *Winfrey* to the determinations at issue here.

In *Winfrey*, the Tenth Circuit stated that a proper step-four analysis includes three phases, each accompanied by specific findings. *Winfrey*, 92 F.3d at 1023. The court explained:

> In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings.

*Id*. at 1023 (citations omitted). Here, relevant to the phase-one determination, Plaintiff does not challenge the ALJ's RFC assessment other than to state in another section of her brief—without elaboration—that the controlling hypothetical is "inaccurate." Pl.'s Br. at 10, 11. And as to the phase-two and phase-three determinations, Plaintiff again does not discuss the ALJ's findings or identify any particular deficiency in those findings. *Id*. at 10. The Court will not "speculate on [Plaintiff's] behalf." *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003). Citation to authority without explanation of its applicability is not sufficient to frame and develop an issue for judicial review. *Cf. Murrell*, 43 F.3d at 1389 n.2.

Further, the Court has reviewed the ALJ's step-four determination and concludes that the relevant findings are supported by application of the correct legal standards. While the ALJ's discussion is not a model of accuracy and detail, it states in relevant part: "Based on the testimony of the vocational expert, the undersigned concludes that, comparing the claimant's current [RFC] with the demands of the claimant's past relevant work, the demands of the Utility Clerk work are consistent with the current [RFC]." R. 21. In light of the referenced testimony of the VE regarding the requirements of the Utility Clerk occupation and that a hypothetical claimant (matching Plaintiff's RFC) could perform that occupation, the ALJ's discussion is adequate to make clear and support the ALJ's step-four

findings. *See Doyal*, 331 F.3d at 761 ("An ALJ may rely on information supplied by the VE at step four." (internal quotation marks omitted)).

For these reasons, Plaintiff has not shown that the ALJ's decision must be reversed due to failure to apply correct legal standards.

## CONCLUSION

The decision of the Commissioner is AFFIRMED. Judgment shall issue accordingly.

ENTERED this 25th day of May, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE